UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVANHOE G. BROWN,

    Plaintiff,

v.                            Case No. 8:08-CV-1465-T-33TBM

HILLSBOROUGH AREA REGIONAL
TRANSIT,

    Defendant.
_____/

**ORDER**

This matter is before the Court on Defendant's Dispositive Motion to Dismiss (Doc. # 6), filed on December 12, 2008. Plaintiff filed a combined Opposition to Defendant's Motion to Dismiss and Alternative Motion to Extend Time for Service (Doc. ## 8, 9), on February 12, 2009. A response to Plaintiff's motion to strike was filed on March 11, 2009 (Doc. # 14). For the below reasons, Defendant's motion to dismiss is denied and Plaintiff's motion to extend time for service is granted.

**I. Background**

Plaintiff Ivanhoe Brown was employed by Defendant Hillsborough Area Regional Transit ("HART") as a maintenance mechanic for seven years prior to his termination on May 15, 2006. (Doc. # 1 at 3-4). Brown alleges that, beginning in

April 2006, he was repeatedly harassed by a former supervisor and co-worker. (Id. at 3). Brown complained to HART about the harassment on several occasions, but no remedial action was taken by HART. (Id. at 3-4). Tension mounted between Brown and his co-worker, and on May 10, 2006, the two engaged in a heated verbal exchange. (Id. at 4). According to Brown, there was no physical contact between them. (Id.). Brown was terminated by HART on May 15, 2006, for allegedly using "threat of force, other than self defense." (Id.).

Brown sought relief through HART's internal grievance process and the matter was submitted to arbitration. (Doc. # 6 at 8). On June 8, 2007, an arbitration award was issued, resulting in, among other things, reinstatement of Brown in his prior position, payment of lost wages, and full restoration of benefits. (Id.). However, the arbitrator did impose a ten-day suspension on Brown as a penalty for his conduct on May 10, 2006. (Doc. # 8 at 5).

Thereafter, Brown filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), charging HART with discriminatory and retaliatory conduct based on Brown's national origin of Jamaican. (Doc. at 5). The EEOC made a "probable cause" finding in Brown's favor and subsequently issued him a right-to-sue letter. (Id.). Brown filed his

one-count complaint against HART on July 30, 2008, alleging national origin discrimination in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 1981. (Doc. # 1). Brown's complaint was filed on the 90th day after the United States Department of Justice issued him a Notice of Right to Sue within 90 Days. (Doc. # 6 at 1).

Brown asserts that soon after he filed his complaint, his attorney spoke with co-counsel for HART and suggested that, because the factual record had been fully developed during the labor arbitration proceedings, the parties proceed to immediate mediation. (Doc. # 8 at 2). HART allegedly refused. (Id.). On September 23, 2008, Brown requested that HART accept substitute service of process. (Id. at 2-3). HART refused Brown's request on or about September 25, 2008, 64 days before the 120-day deadline of November 27, 2008. (Doc. # 6 at 5).

On December 2, 2008, five days after the deadline had expired, Brown served HART with a summons only, with no copy of the complaint attached. (Id. at 2). The next day, December 3, 2008, the process server returned with a copy of the complaint, but did not re-serve the summons. (Id.). On December 22, 2008, HART filed its motion to dismiss pursuant to Federal Rule 12(b)(5) for insufficient service of process.

HART's motion to dismiss is potentially dispositive of Brown's claim because the 90-day period for filing suit, as set forth in Brown's Notice of Right to Sue, has expired.

## II. Analysis

HART asserts that the Court lacks personal jurisdiction over HART because Brown failed to timely or properly serve HART in compliance with the Federal Rules of Civil Procedure. (Doc. # 6 at 2). Hart argues that, pursuant to Federal Rule of Civil Procedure 4(c), service is effected by serving the summons together with a copy of the complaint. (Id. at 2-3). Because Brown attempted to serve HART by individually delivering the summons and the complaint on different days, HART contends that Brown failed to properly effect service. HART further contends that Brown has not shown good cause for his failure to timely serve HART and this case does not merit a discretionary extension of time for service. (Id. at 7).

Brown does not deny that he failed to timely serve HART. Instead, Brown argues that there is "'good cause' for not serving formal service of process technically within the time period" because: (1) Brown attempted to engage in settlement immediately after the case was filed; (2) HART had a copy of the complaint; and (3) HART should have accepted substitute service of process. (Doc. # 8 at 3). In the absence of a

4

good cause finding, Brown asserts that a discretionary extension of time for service of process should be granted because "[f]undamental fairness and the ends of justice" so warrant. (Id. at 3-4). Additionally, Brown contends that HART has not demonstrated any prejudice.

Pursuant to Federal Rule of Civil Procedure 4(c), service of process is effected by delivering a copy of the summons together with a copy of the complaint. If service of the summons and complaint is not made within 120 days after filing the complaint, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). However, the Court must extend the time for service "for an appropriate time" if plaintiff shows good cause for the failure. Id. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks and citations omitted).

Brown has failed to demonstrate good cause for his failure to perfect timely service. Brown was notified that HART declined substitute service approximately 60 days before the 120-day window expired. Brown has failed to explain why

formal service was not attempted during the next 60 days.

Although, as Brown asserts, HART had a copy of the complaint, the Eleventh Circuit has concluded that "[a] defendant's actual notice is not sufficient to cure defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Serving a copy of the summons without attaching a copy of the complaint does not properly effect service. Id. Additionally, the Court is not persuaded by Brown's argument that his request for substitute process and his attempts at early mediation constitute good cause for his delay. Counsel was aware that HART was not inclined to participate in early mediation or accept substitute process well in advance of the 120-day deadline.

The good cause finding does not end the Court's analysis, however. Even in the absence of good cause, the Court has discretion to extend the time for service of process. Horenkamp v. Van Winkle & Company, Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). The Eleventh Circuit has looked to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the granting of a discretionary extension. Id. The Court may consider, among other factors, whether the statute of limitations would bar a refiling, whether unserved defendants have been evading service or concealing a defect in

service, and how far beyond the 120-day period actual, effective service was accomplished. Id. at 1132-33; Fed.R.Civ.P. 4(m), Advisory Comm. Note (2008).

In Lepone-Dempsey, the Eleventh Circuit reversed a district court's order dismissing a case without prejudice for failure to timely perfect service, where the trial court failed to consider whether a permissive extension was warranted under the facts of the case. 476 F.3d at 1282. The court discussed the factors set forth in the Advisory Committee Notes and commented that, "Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend the time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor." Id.

In the present case, the Court finds that circumstances militate in favor of exercise of the Court's discretion to extend the time for service for an appropriate period. For one, Brown will be barred from refiling his claim due to the expiration of the 90 day time limit set forth in his Right to Sue Notice. In addition, HART has admitted that it received a copy of both the summons and the complaint, just not at the same time. Brown's attempted, albeit imperfect, service of

7

process came just five days after the 120-day deadline. The deadline date itself, November 27, 2008, fell on Thanksgiving Day. The summons was served the following Tuesday.

Moreover, the central purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 672 (1996). Although HART's possession of the complaint prior to the expiration of the 120 days does not cure the defect in service, it evidences HART's notice of the suit. See Prewitt Enters. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 924 n. 14 (11th Cir. 2003) (noting that, although actual notice alone is not enough to confer personal jurisdiction, "receipt of actual notice is an important factor in considering whether service of process is adequate"). In addition to receiving a copy of the complaint, HART admits that it was aware of the filing of this action at least as of September 23, 2008, the date that Brown asked HART for substitute service of process.[1] (Doc. # 6 at 5).

HART has asserted no prejudice as a result of the

---

[1] HART has also acknowledged mediation discussions with Brown before litigation commenced. (Doc. # 14 at 7).

untimely and imperfect service by Brown. However, HART argues that "absence of prejudice to the defendants, by itself, does not equate to good cause." (Doc. # 14 at 9) (citing Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir. 1994)). Even if absence of prejudice to HART does not establish good cause, it is another factor that weighs in favor of granting a discretionary extension of time for service in this case.

As stated above, if the Court were to dismiss Brown's complaint, even without prejudice, Brown's claim would be foreclosed by the 90 limitation period in the Notice of Right to Sue. The Court finds that the interests of justice will be served by permitting Brown's case to be adjudicated on its merits. Furthermore, based on the facts of this case, the Court concludes that HART has received sufficient notice of this suit such that it will not be prejudiced by the Court extending the time for Brown to perfect formal service. The Court therefore grants Brown's motion to extend time for service on HART. If he has not already done so, Brown is directed to serve the summons and complaint upon HART and file proof thereof with this Court within ten days of the date of this Order.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Dispositive Motion to Dismiss (Doc. # 6) is **DENIED**.

(2) Plaintiff's Motion to Extend Time for Service (Doc. # 9) is **GRANTED**.

(3) Brown is directed to serve the summons and complaint upon HART and file proof thereof with this Court within ten (10) days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>10th</u> day of June 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record