UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVANHOE G. BROWN,

    Plaintiff,

v.                           Case No. 8:08-CV-1465-T-33TBM

HILLSBOROUGH AREA REGIONAL
TRANSIT,

    Defendant.
_____/

**ORDER**

This matter is before the Court on Defendant's Dispositive Motion to Dismiss for Insufficient Process (Doc. # 20), filed on July 9, 2009. Plaintiff filed an Opposition to Defendant's Motion to Dismiss (Doc. # 25), on July 31, 2009. For the following reasons, Defendant's motion to dismiss is denied.

**I. Background**

Plaintiff, Ivanhoe Brown, was employed by Defendant, Hillsborough Area Regional Transit ("HART"), as a maintenance mechanic for seven years prior to his termination on May 15, 2006. (Doc. # 1 at 3-4). Brown alleges that, beginning in April 2006, he was repeatedly harassed by a former supervisor and co-worker. (Id. at 3). Brown complained to HART about the harassment on several occasions, but no remedial action was taken by HART. (Id. at 3-4). Tension mounted between Brown and his

1

co-worker, and on May 10, 2006, the two engaged in a heated verbal exchange. (Id. at 4). According to Brown, there was no physical contact between them. (Id.). Brown was terminated by HART on May 15, 2006, for allegedly using "threat of force, other than self defense." (Id.).

Brown sought relief through HART's internal grievance process, and the matter was submitted to arbitration. On June 8, 2007, an arbitration award was issued, resulting in, among other things, reinstatement of Brown in his prior position, payment of lost wages, and full restoration of benefits. However, the arbitrator did impose a ten-day suspension on Brown as a penalty for his conduct on May 10, 2006.

Thereafter, Brown filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), charging HART with discriminatory and retaliatory conduct based on Brown's national origin of Jamaican. (Doc. # 1 at 5). The EEOC made a "probable cause" finding in Brown's favor and subsequently issued him a right-to-sue letter. (Id.). Brown filed his one-count complaint against HART on July 30, 2008, alleging national origin discrimination in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 1981. (Doc. # 1). Brown's complaint was filed on the 90th day after the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue.

Brown asserted that soon after he filed his complaint, his attorney spoke with co-counsel for HART and suggested that, because the factual record had been fully developed during the labor arbitration proceedings, the parties proceed immediately to mediation. HART allegedly refused. On September 23, 2008, Brown requested that HART accept substitute service of process. HART refused Brown's request on or about September 25, 2008, 64 days before the 120-day deadline of November 27, 2008.

On December 2, 2008, five days after the deadline had expired, Brown served HART with a summons only, but no copy of the complaint was attached. The next day, December 3, 2008, the process server returned with a copy of the complaint, but did not re-serve the summons. On December 22, 2008, HART filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. # 6). On February 12, 2008, Brown filed its response in opposition to HART's Motion to Dismiss. (Doc. # 8). Additionally, on February 18, 2009, Brown filed a Motion to Extend Time for Service. (Doc. # 9). On June 10, 2009, the Court denied HART's Motion to Dismiss and granted Brown's Motion to Extend Time for Service. (Doc. # 15 at 10). The Court required Brown to serve the summons and complaint upon HART and file proof thereof with this Court within 10 days of the date of the Order. (Id.).

HART was served a copy of the summons and complaint on June 22, 2009. Although the Clerk of Court for the Middle District of Florida stamped the summons, the summons named the Middle District of Georgia, instead of the Middle District of Florida. Additionally, HART alleges that the summons it received did not contain a seal from the Clerk of the Middle District of Florida. HART also alleges that, prior to filing the summons with the Court, someone altered the summons by crossing out "Georgia" and replacing it with "Florida." On July 9, 2009, HART filed its Motion to Dismiss for insufficient process. (Doc. # 20).

**II. Analysis**

HART contends that the Court lacks personal jurisdiction over HART because Brown's service of process was insufficient and, therefore, not in compliance with the Federal Rules of Civil Procedure. HART states that, pursuant to Federal Rule of Civil Procedure 4(a), a summons must name the court and the parties and include the court's seal. HART argues that Brown did not comply with this requirement because the Alias Summons served by Brown did not name the Middle District of Florida as the proper court and instead named the Middle District of Georgia, and it failed to include the seal of any court. Hart contends that failure to include the name of the court and seal resulted in insufficient service; therefore, denying this Court personal jurisdiction.

Brown contends that timely service of process was made on June 22, 2009. Brown admits that the Alias Summons named the Middle District of Georgia instead of the Middle District of Florida. However, Brown contends that this was an inadvertent "clerical or scrivener's error." Moreover, contrary to HART's assertion, Brown states that the Alias Summons was signed and sealed by the Clerk of the U.S. District Court for the Middle District of Florida. Brown also asserts that this Court has "exercised jurisdiction over this matter by issuing a number of prior orders and tak[ing] various other actions." (Doc. # 25 at 2). Additionally, Brown contends that HART has not demonstrated any prejudice.

Under Federal Rule of Civil Procedure 12(b)(4), insufficient process can lead to dismissal of a complaint. Proper service of process requires inclusion of the summons containing, among other things, the name of the court and the court's seal. Fed. R. Civ. P. 4(a)(1). Although Federal Rule of Civil Procedure 12(b)(4) permits dismissal of the complaint because of insufficient process, dismissal rests at the Court's discretion. See Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)(indicating that the court has discretion to deny dismissal for insufficient services of process).

HART is correct in arguing that failure to include the name of the court or the seal renders the process insufficient. An

5

incomplete summons can be misleading. Specifically, a summons that fails to include the court's name or seal will likely be deprived of its legal effect. See Ayres v. Jacobs & Crumplar, P.A., No. 94-658-SLR, 1995 WL 704781, at *3 (D. Del. Nov. 20, 1995)(stating that the signature of the clerk and the court's seal give the summons its legal effect). Nonetheless, here, the original Alias Summons did contain the seal of the court, although not visible on HART's copy. Additionally, it contained the deputy clerk's signature; therefore, giving the Alias Summons its legal effect.

Although the summons served on HART was not in strict compliance with the service of process requirement because it did not name the proper court, this does not automatically justify dismissal of the complaint. Dismissal based on a technical error in the summons is generally not warranted unless the moving party shows some form of prejudice. Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 900-01 (11th Cir. 1990). In Sanderford, the Eleventh Circuit affirmed the judgment of the district court finding that the court had personal jurisdiction over the defendant although the summons served had a technical error. Id. at 901. The summons in that case did not contain the return date for the responsive pleading. Id. at 900. However, the defendant was aware of the claim against him and received notice of a possible default judgment. Id. at 901. The Eleventh Circuit

held that the defendant in that case did not meet its burden of proving prejudice based on the defect in the process. Id. It further held that even with the technical error, the summons still complied with the Federal Rules of Civil Procedure. Id.

In the present case, the Court finds the defect in process did not prejudice HART. Although the Alias Summons listed the name of the wrong court, HART was and is aware, that this action has been filed against it in the U.S. District Court for the Middle District of Florida. Both parties' previous filings to this Court evidence this knowledge. First, HART was aware that this action was filed in the Middle District of Florida as early as September 23, 2008, the date that Brown asked HART for substitute service of process. Second, HART was aware that Brown's attempt at service of process was in response to this Court's previous Order directing Brown to serve the summons and complaint upon HART within ten days of the date of the Order. (Doc. # 15 at 10). Third, as stated in the previous Order, HART had already received a copy of the summons and complaint containing the name of this Court, just not contemporaneously. (Doc. # 15 at 7). Thus, HART had knowledge of the proper court and, therefore, was not prejudiced by the technical error in the summons.

Furthermore, as stated in the previous Order, the central purpose of service of process is "to supply notice of the

pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 672 (1996); (Doc. # 15 at 10). Although HART's copy of the Alias Summons did not name the proper court, HART was not deprived of its right to present a defense or objection because it had complete and total knowledge that the legal action was actually pending in the Middle District of Florida. Therefore, dismissal of Brown's claim is unwarranted.

As stated above, although the copy of the Alias Summons provided to HART did not depict the court's seal, the original copy was sealed and signed by the Clerk. The Court finds that the seal and signature found on the original copy gave the Alias Summons its legal effect. Furthermore, based on the circumstances of this case, the Court concludes that HART was not prejudiced due to Brown's failure to include the proper name of the court on the Alias Summons. The Alias Summons served on HART was still in substantial compliance with Rule 4(a)(1) of the Federal Rules of Civil Procedure. The Court, therefore, finds that the technical error found on the Alias Summons does not warrant dismissal of the case or deprive the Court of its jurisdiction.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant's Dispositive Motion to Dismiss for Insufficient Process (Doc. # 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties and Counsel of Record